## BLODGETT *vs.* WADHAMS.

Plaintiff agreed to lend G. money at 10 per cent interest on his giving plaintiff defendant's note for the amount.   G. then exchanged notes with defendant, giving him a chattel mortgage as collateral security, and borrowed the money from plaintiff at 10 per cent interest, on the security of defendant's note.   *Held*, that the transaction was usurious. (*a*)

A release from all liability on a note, to secure the amount of which a chattel mortgage is given as collateral security, discharges the mortgage.

ACTION on notes made to Green or bearer by Wadhams; one of $80, the other of $100.   The defence was opened by a statement that the notes were taken, under the negotiation of a ten per cent loan by Green for the plaintiff, and on the plaintiff saying he would take a good note procured from Wadhams.   That Green gave his notes in exchange for defendant's, and a chattel mortgage to secure the amount. Green was offered as a witness, but objected to and released by defendant " from any liability to me on account of the

(*a*) The statute against usury (1 R. S., 771), prohibiting a greater rate of interest than seven per cent per annum " for the loan or forbearance of any money, goods or things in action," is applicable only to those loans which are in substance and effect loans of *money*.   And a loan of goods or of a chose in action, unless intended as a mere cover for a loan of money, is not within the statute. By the term " chose in action," as used in the statute, is meant a particular species of property, which on the death of the owner would go to his representatives.   The *credit of the lender* is not a chose in action, or property at all in his hands, and is not within the statute to prevent usury.   An exchange, therefore, of notes or other obligations, for a premium greater than the legal rate of interest, is not prohibited by the statute unless the transaction be a mere disguise for usury.   *The Dry Dock Bank* v. *The American Life Insurance and Trust Company*, 3 Comst., 344.   And see *Barber* v. *Ketchum*, 4 Hill, 224, and 7 id., 444; *Bull* v. *Rice*, 1 Seld., 315 ; *Cobb* v. *Titus*, 13 Barb., 45.   A note delivered by the maker, without consideration, to a party to enable him to raise money for the maker or himself, has no legal inception in his hands ; and if he negotiate it upon an usurious consideration, it is void.   *Catlin* v. *Gunter*, 1 Kern., 368.   Where there was no direct evidence that an usurious agreement had been made at the time of the loan, but it was proved that in twenty-two days afterwards the borrower paid the lender for the use of the money for the twenty-two days a sum equal to more than legal interest, *held*, that it was a question for the jury whether or not the loan had been made upon an usurious agreement. *Id.*

notes which are the subject matter of this suit." Plaintiff still objected on the ground that the "release applies only to the notes and not to the mortgage." The judge held, that a discharge of the notes secured by the mortgage discharged the mortgage. A farther objection that release was insufficient generally, was overruled. Green was then sworn as a witness and testified that the plaintiff told him he was not good ; but that if he would get defendant's notes, he would lend him the money at ten per cent. Whereupon the notes were procured in the manner mentioned in the opening, and passed to the plaintiff at the ten per cent. Verdict for defendant. Plaintiff moves for a new trial on a bill of exceptions.

*By the Court; Cowen, J.* The cross notes and mortgage were merely a collateral security for the notes in question ; and the release by discharging Green from all liability on the latter discharged the whole.

To give notes taken under the circumstances of this case the character of exchange notes and protect them as bona fide, would be to allow the plainest evasion of the usury laws. A party, who gets notes to be discounted, always exchanges for them some sort of security ; if not his own notes or his mortgage, at least his implied promise to indemnify the accommodation maker or endorser. The whole is parcel of the usurious transaction.

New trial denied.